ORDERED.

**Dated:  April 14, 2020**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

              Chapter 13

EVELYN MAHONEY,        Case No.:  3:18-bk-2761-CCJ

     Debtor.

_____/

EVELYN MAHONEY,

     Plaintiff,

vs.              Adv. P. No. 3:18-ap-0107-CCJ

RIVERSTONE INVESTORS, LLC and
CARLOS FERNANDEZ.

     Defendants.

_____/

### SUMMARY FINDINGS AND CONCLUSIONS

   THIS PROCEEDING came on for trial on July 18, 2019, and for the Court to announce

on April 14, 2020, its decision after trial.

   For the reasons stated orally and recorded in open court that shall constitute the decision

of the Court, it is accordingly

ORDERED:

1.      The transfer of the Debtor's homestead to Defendant Riverstone Investors, LLC is avoided pursuant to 11 U.S.C. § 522(h), (g)(1). Title to the homestead shall be vested in the Debtor upon entry of judgment in this proceeding, and the Debtor may exempt such property under Art. X, § 4 of the Florida Constitution.

2.      The Defendants shall forthwith be refunded from escrow the $15,000.00 they (or one of them) tendered in consideration of the transfer.

3.      Defendant Riverstone Investors, LLC shall have a lien on the homestead pursuant to 11 U.S.C. § 550(e)(2) for $4,912.68, comprising improvements in the form of (i) payment of $3,022.68 in ad valorem taxes owed on a tax certificate and (ii) the amount of $1,890.00 expended to rectify a cloud on the title to the homestead based on an un-probated will of the Debtor's father.

4.      Defendant Riverstone Investors, LLC may file a claim pursuant to 11 U.S.C §§ 501(d), 502(h) within 30 days after the judgment in this proceeding becomes final.  Such claim, if filed, may be dealt with under the Debtor's Chapter 13 Plan, consistent with 11 U.S.C. §§ 506(a), 1322(b)(2), (11) and 1325(a)(5).  Additionally, the lien shall accrue interest at the federal rate as determined under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2005).

5.      The Court reserves jurisdiction to enter a memorandum decision and shall enter a final judgment pursuant to Rule 9021, Federal Rules of Bankruptcy Procedure.

Service by CM/ECF only.